NO. 07-99-0334-CR

NO. 07-99-0335-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 8, 2000

______________________________

ALFONSO SOTO CHAFINO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 40,366-D & 40,368-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon guilty pleas, appellant Alfonso Soto Chafino was convicted in cause number 40,366-D of delivery of marijuana and punishment was assessed at five years confinement in the penitentiary, and in cause number 40,368-D of delivery of marijuana and punishment was assessed at one year confinement in a state jail facility.  By a sole point of error, he contends his guilty pleas were not made knowingly and voluntarily because he was not admonished accurately as to the deportation consequences (
i.e.
, permanent exile), and was unaware of the ramifications of his pleas.  Based upon the rationale expressed herein, we affirm.

Appellant was born in Chihuahua, Mexico, but has held a resident alien card since 1987, and at the time of the underlying proceedings, had an application pending for United States citizenship.  Prior to accepting his guilty pleas, the trial judge admonished appellant as follows:

THE COURT: Are you a United States citizen?

DEFENDANT: No, but I have made application.

THE COURT: Are you aware that your plea of guilty in these cases may result in the Bureau of Immigration & Naturalization’s deportation of you or their failure to allow you citizenship or to allow you to remain in this country?

DEFENDANT: Yes.

THE COURT: Do you have resident alien status now?

DEFENDANT: Yes.

THE COURT: You have a resident alien card?

DEFENDANT: Yes.  In ‘87, I believe, I got it.

THE COURT: Okay.  You understand, after you finish in the penitentiary, they may just deport you?

DEFENDANT: Yes.

THE COURT: Understanding all of that, do you still want to go ahead with this plea?

DEFENDANT: Yes.

Before accepting a guilty plea, the trial court is required to admonish a defendant that if he is not a citizen of the United States, his guilty plea may result in deportation, exclusion from admission to this country, or denial of naturalization under federal law.  
See
 Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon Supp. 2000).  Substantial compliance by the trial court with the admonishments required under article 26.13(a) is sufficient unless the defendant affirmatively demonstrates (1) he was not aware of the consequences of his plea, and (2) he was misled or harmed by the court’s admonishment.  Matchett v. State, 941 S.W.2d 922, 948 (Tex.Cr.App. 1996), 
cert. denied
, 521 U.S. 1107, 117 S.Ct. 2487, 138 L.Ed.2d 994 (1997).  

Citing 8 U.S.C. § 1182(a), appellant contends that the admonishment that his guilty plea 
may result
 in deportation is inaccurate and misleading given the change in federal law in 1996 permanently barring a person from eligibility for admission into the United States after being convicted of a drug trafficking offense.  He further alleges that he can demonstrate harm because if he is deported from the United States, he cannot see his wife and three children, who are United States citizens.  The alleged harm, however, is not supported by the appellate record.  The mere assertion in his brief that he will suffer harm if deported because he will be unable to see his wife and children is not supported by evidence in the record and thus, will not be considered on appeal.  
See
 Janeka v. State, 937 S.W.2d 456 (Tex.Cr.App. 1996), 
cert. denied
, 522 U.S. 825, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997), citing Franklin v. State, 693 S.W.2d 420, 431 (Tex.Cr.App. 1985), 
cert. denied
, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986).

After the exchange of admonishments, including the possibility of deportation, between the trial court and appellant, the court again asked appellant if he still desired to enter his guilty plea, to which he responded, “[y]es.”  Based on the circumstances of the plea hearing and the trial court’s substantial compliance with article 26.13(a), appellant has failed to demonstrate that he was unaware of the consequences of his guilty plea or that he was harmed.  Appellant’s sole point of error is overruled.

Accordingly, the judgments of the trial court are affirmed.

Don H. Reavis

    Justice 

Do not publish.